**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 22 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

ADAM DALE VANN,

        Defendant-Appellant.

No. 04-7125

(D.C. No. 04-CV-397-W)

(E.D. Okla.)

---

**ORDER**[*]

---

Before **EBEL**, **McKAY**, and **HENRY,** Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a *pro se* 28 U.S.C. § 2255 appeal. Mr. Vann pleaded guilty to being a Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1). Subsequently, Mr. Vann filed a motion to vacate, set aside, or correct his federal sentence with the district court. In his motion, Mr. Vann alleged: (1) his counsel

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

failed to provide him effective assistance, (2) his guilty plea was not voluntary, (3) his plea agreement was coerced, and (4) his sentence was illegal based on the Supreme Court's recent decision in *Blakely v. Washington*, __U.S.__, 124 S. Ct. 2531 (2004).

The district court denied Mr. Vann's motion, holding that because he knowingly and voluntarily entered his plea of guilty his sentence was appropriate. The court also held that Mr. Vann failed to allege any fact showing that his counsel's conduct was unreasonable as the term is defined in *Strickland v. Washington*, 466 U.S. 668, 688-89 (1984). Finding no merit in any of Mr. Vann's arguments, the district court declined to grant him a certificate of appealability. Mr. Vann then applied to this court for a certificate of appealability. The issues he raises on appeal are identical to those brought before the district court.

In order for this court to grant a certificate of appealability, appellant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, appellant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

We have carefully reviewed Mr. Vann's brief, the district court's

disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Mr. Vann's filing raises an issue which meets our standard for the grant of a certificate of appealability. For substantially the same reasons[1] set forth by the district court in its Order of November 2, 2004, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Id.*

We **DENY** Mr. Vann's request for a certificate of appealability and **DISMISS** the appeal. His motion to proceed in forma pauperis on appeal is **GRANTED**.

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[1] Furthermore, the district court did not have the benefit of *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005), wherein we held that *Blakely* does not apply retroactively to initial § 2255 motions.